UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | Case No: BK15-40070 |
| ) | |
| KIP AND ANDREA RICHARDS FAMILY ) | CHAPTER 11 |
| FARM & RANCH, LLC, ) | |
| ) | |
| Debtor. ) | |

### ORDER GRANTING MOTION TO COMPEL TURNOVER

On July 20, 2020, Rabo AgriFinance LLC filed a Motion to Compel Turnover of insurance proceeds Farm Bureau Property & Casualty Insurance Company (Farm Bureau) issued to Debtor, Kip and Andrea Richards and Rabo. Farm Bureau issued a $40,000 check to the payees listed above after Kip and Andrea Richards submitted a claim alleging a MX 285 tractor was stolen. Kip and Andrea Richards opposed the motion. The Court held hearings on the motion in August and September 2020. For the reasons provided below, Rabo's Motion to Compel Turnover is granted.

**I.    BACKGROUND AND FINDINGS OF FACT**

On December 16, 2016, Debtor filed its Third Amended Plan of Reorganization. Doc. 294. Pursuant to paragraph 6.6, "Richards, with the consent of Rabo, has contacted and worked with Big Iron Auction Company ('Big Iron') regarding the sale of substantially all of the equipment owned by Richards." Id. Rabo and Debtor stipulated to an Addendum to Debtor's Third Amended Plan of Reorganization, providing, in pertinent part:

> All proceeds from the sale of assets shall be deposited into the Debtor in Possession account. Richards will not access funds in this account without the consent of Rabo. Rabo will be entitled to all proceeds of the liquidation less back wages owed to Richards's members.

Doc. 314. The Court confirmed the Third Amended Plan of Reorganization with

Addendum on February 27, 2017.  Doc. 315.

Debtor failed to comply with the confirmed plan, prompting Rabo to file a Motion for an Order Under 11 U.S.C. §1142 Directing Debtor to Comply with the Confirmed Plan on July 6, 2018.  Doc. 423.  Three days later, the Court entered the following text Order:

> Order Directing Movant to Serve Notice of its Motion for an Order Under 11 U.S.C. Section 1142 Directing Debtor to Comply with the Confirmed Plan (RE: related document(s) 423 Motion to Compel filed by Creditor Rabo Agrifinance, Inc.). Because Rabo Agrifinance, Inc. seeks an order compelling third parties Larry Richards, Kip Richards and Andrea Richards to comply with the confirmed plan, it must properly serve notice on them. Movant shall serve all interested parties not later than July 13, 2018 and file proof of service not later than July 27, 2018. If movant fails to properly serve all interested parties, the Motion for an Order Under 11 U.S.C. Section 1142 Directing Debtor to Comply with the Confirmed Plan will be deemed abandoned. ORDERED by Judge Shon Hastings. (Text Only Order) (dkk) (Entered: 07/09/2018).

Doc. 424.  Rabo filed a Certificate of Service noting that it served CM/ECF participants and "non-CM-ECF participants named on the current matrix" with the motion and hearing notice.  Doc. 426.

The Court held a hearing on the motion on August 1, 2018.  Neither Kip Richards nor Andrea Richards appeared at the hearing.  During the hearing and in the August 2, 2018, text Order, the Court ruled on issues related to real estate, machinery, equipment and vehicles.  It ordered:

> Rabo's motion to compel Debtor to sell titled vehicles, machinery and equipment is granted in part and denied in part. For the reasons stated on the record, Rabo's request that Debtor be compelled to sell titled vehicles is denied. Rabo's motion to compel Debtor to sell (or deliver to Rabo) machinery and equipment owned by Debtor on the date of confirmation is granted with the following conditions: Not later than September 4, 2018, Rabo shall file a list of machinery and equipment with evidence that Debtor owned it on February 27, 2017, the date the Court confirmed the plan. Rabo shall serve notice of this list on interested parties advising that the Court will

2

> compel Debtor to sell this machinery and equipment or deliver it to Rabo (or an auctioneer of its choice) unless an objection is filed on or before September 18, 2018. If no party objects to the list, the Court shall compel sale or transfer. If the Court receives an objection from an interested party, it shall hold a hearing on this matter on September 24, 2018 at 2:30 pm. ORDERED by Judge Shon Hastings. (Text only order) (drs) (Entered: 08/02/2018).

Doc. 432.

After it received an extension of time to file the machinery and equipment list, Rabo filed its Proposed List of Debtor's Vehicles, Machinery and Equipment to Be Sold with supporting exhibits on October 22, 2018. Docs. 463-478 (including exhibits refiled per the Clerk of Court). The MX 285 tractor was on this list of equipment. See Docs. 463, 464 at 1. Rabo served the list, supporting documents and the Text Order (Doc. 452). Docs. 453, 479.

The Court scheduled a hearing on the Motion to Compel Debtor to Comply with Confirmed Plan [Doc. 423] and Proposed List of Debtor's Vehicles, Machinery and Equipment to Be Sold [Doc. 463], which it continued several times but eventually held on December 12, 2018. Rabo served notice of this hearing on CM/ECF participants, Debtor, Larry Richards and Kip and Andrea Richards. Doc. 500.

Kip Richards did not attend the hearing on December 12, 2018. During the hearing, the Court received evidence regarding the machinery and equipment owned by Debtor. Doc. 524. The Court found cause for granting the relief Rabo sought and ordered Debtor to deliver the machinery and equipment listed on Document 526[1]

---

[1] Document 526 includes a Certificate of Service dated December 18, 2018, in which Robyn L. Neal attests that Rabo mailed the "Amended Proposed List of Equipment to be Sold" to Kip and Andrea Richards through the United States Postal Service.

3

(including those items that were listed on Debtor's tax returns but not included in its schedules and monthly operating reports) to Big Iron Auction Company or turn it over to Rabo. The list of machinery and equipment included a MX 285 tractor. Doc. 526. The Court granted Debtor until January 14, 2019, to comply.[2] Docs. 523, 527. Debtor did not deliver the machinery and equipment to Big Iron Auction Company or to Rabo.

On January 24, 2019, Rabo filed a Motion for Civil Contempt and Sanctions Regarding Deed and Equipment. Docs. 539, 541. Rabo served notice of this motion on Debtor, Kip and Andrea Richards and Larry Richards. Doc. 540. The Court held a hearing on this motion on February 27, 2019. Rabo appeared through counsel. Debtor did not appear. Kip Richards attended the hearing.

At the hearing, the Court asked Rabo about the remedies it sought as a result of Debtor's failure to comply with the Court's orders. Based on the representations of Rabo's counsel, it appeared that Rabo was seeking a writ or writs under Rule 7070 of the Federal Rules of Bankruptcy Procedure, which the Court may enter after notice and a hearing. See Fed. R. Bankr. P. 7070; In re Kerlo, 311 B.R. 256, 261-62 (Bankr. C.D. Cal. 2004); Health Sci. Prods., Inc. v. Taylor (In re Health Sci. Prods., Inc.), 191 B.R. 915, 917 n.3, 918 (Bankr. N.D. Ala. 1995). The Court granted Rabo until the next day to provide a specific list of remedies it sought. In its request for relief under Bankruptcy Rule 7070 filed February 28, 2019, Rabo sought a "writ of execution [] forcing the debtor to divest its title in real estate and equipment previously ordered to be conveyed and/or sold and vest that title in the creditor Rabo." Doc. 557.

---

[2] Document 529 is a Certificate of Service dated January 2, 2019, in which Cindy R. Volkmer attests that Rabo mailed the Court's Order Granting Motion to Compel Debtor to Execute Warranty Deed [Doc. 527] to Kip and Andrea Richards through the United States Postal Service.

4

In addition to addressing Rabo's request for sanctions and related remedies, the Court also addressed the pleadings Kip and Andrea Richards filed in response to the Court's Order to Show Cause and Rabo's motion for sanctions and motion seeking derivative standing. See Docs. 533, 550, 551, 552. Once again, the Court reminded those who attended the hearing that Debtor may not appear without counsel. Based (in part) on Kip and Andrea Richards' pleadings, the Court postponed the matters for approximately 30 days to allow Debtor time to retain counsel and present its defenses (if any) to the pending matters.

On March 26, 2019, the Court held a hearing on Rabo's request for sanctions. Docs. 539, 541. These sanctions included, but were not limited to, issuance of a writ of execution in accordance with Rule 70(d) of the Federal Rules of Civil Procedure, which applies to bankruptcy matters pursuant to Rule 7070 of the Federal Rules of Bankruptcy Procedure. Rabo appeared through counsel. Debtor did not appear. Kip Richards attended this hearing.

For the reasons stated on the record, the Court granted Rabo's Motion for Civil Contempt and Sanctions Regarding Deed and Equipment [Docs. 539, 541]. See Doc. 569. Pursuant to Rule 7070, the Court entered a Writ of Execution granting authority to repossess and sell the machinery and equipment listed in Document 526 as a sanction for failure to voluntarily turn over the machinery and equipment to Rabo or sell this machinery and equipment and submit the proceeds to Rabo. Doc. 574.[3]

---

[3] In conjunction with the Writ of Execution, the Court entered an order compelling Rabo to prepare, file and deliver a current statement of account to the agency which will execute the Writ. Doc. 575. The Court also required that Rabo file the statement of account with the Judgment Vesting Title in Real Estate. Id. Additionally, the Court ordered Rabo to serve a copy of the statement on Debtor. Id. The statement of account is filed at Doc. 580. Rabo claims that Debtor owes it $1,096,091.55 as of April

On April 9, 2019, Kip and Andrea Richards filed a Motion to Amend Order Granting Motion for Civil Contempt and Sanctions. Doc. 577. Rabo filed an objection. Doc. 581.

The Court held a telephonic evidentiary hearing on June 5, 2019. Doc. 587. During the hearing, the Court explained that it determined, based on the undisputed evidence before it at the time, that Debtor owned the property listed on the Writ of Execution during the December 2018 hearing. The list of property included the MX 285 tractor. Doc. 526.

The Court also recognized that Nebraska law allows a third party to contest ownership after a writ is executed and expressed that it would allow a third party the right to be heard. The Court asked the parties whether they would agree to the determination of ownership before the writ is executed (as opposed to after it is executed as provided by Nebraska law) to save time and expense, and counsel for Kip and Andrea responded that they "certainly would." The Court indicated that it would consider the issue within the context of the motion to amend. If Kip and Andrea prevailed, the Court would modify the list of equipment and machinery in the Writ of Execution to exclude any property the Court found they owned. If they did not prevail, the list in the Writ of Execution would remain unchanged. Given that understanding, the Court asked whether the parties agreed that an evidentiary hearing on the motion to amend was appropriate. Counsel for Kip and Andrea Richards stated, "Based on the Court's analysis and findings, I agree." Rabo asserted no objection to the procedure proposed.

---

17, 2019.

Kip and Andrea Richards agreed to submit a list of the equipment they claimed to own. On June 14, 2019, they filed this list, which included approximately 42 pieces of equipment they claimed to own and 17 pieces of equipment that they asserted were duplicative entries. Doc. 595. The Court held an evidentiary hearing by videoconference on June 28, 2019. Doc. 654.

On September 30, 2019, the Court entered an Order granting in part and denying in part Kip and Andrea Richards' Motion to Amend Order Granting Motion for Civil Contempt and Sanctions [Doc. 577]. Doc. 661. As to the MX 285 tractor and other machinery and equipment, the Court ruled that Kip and Andrea Richards are equitably estopped from claiming an ownership interest in it. Doc. 661. To the extent Kip and Andrea Richards possess or control the machinery and equipment owned by Debtor, including the MX 285 tractor, the Court ordered them to turn over this property to Debtor or Rabo. See Doc. 661.

In February 2020, Kip and Andrea Richards notified the Court that three items of equipment at issue were stolen, including the MX 285 tractor. Doc. 678. Prior to this report, Kip and Andrea Richards obtained a casualty policy from Farm Bureau for the period of July 28, 2019, to July 28, 2020, to cover loss on certain vehicles and equipment, including the 2005 MX 285 tractor. Doc. 690 (Aff. of Andrea Richards); Doc. 696 (Declaration of Kip Richards). Kip and Andrea Richards paid all the premiums on the policy during this coverage period. Doc. 696. They began paying for casualty insurance on the tractor and other pieces of equipment in April 2018.[4] Id. Prior to April

---

[4] In a Complaint filed January 2, 2019, Rabo objected to Debtor paying for insurance from its debtor-in-possession account. Doc. 531 (Bankr. Adv. Case No. 19-4001, Doc. 1, ¶ 72). Rabo alleged: "From the date of confirmation of the Plan through January 2018, approximately $26,476.66 was paid to 'FB P-CX Ins RichardsAndrea

7

2018, Debtor paid the insurance premiums.[5]  Doc. 531, ¶ 72; see supra note 4.  "Kip Richards used the 2005 MX 285 during the policy period to earn money as contract labor."  Doc. 690 (Aff. of Andrea Richards at ¶ 5); see also Doc. 696 (Declaration of Kip Richards); Doc. 690-1.

Kip and/or Andrea Richards filed a claim with Farm Bureau seeking insurance proceeds as the result of the stolen MX 285 tractor.  On June 10, 2020, Farm Bureau issued a check in the amount of $40,000 for the stolen MX 285 tractor.  Payees on the check include Debtor, Kip and Andrea Richards and Rabo.[6]  Doc. 685 (Motion to Compel).  The insurance policy does not list a loss payee for the MX 285 tractor.  Doc. 690-1.  Named insureds on the policy include:  Kip Richards, Andrea Richards, Kip and Andrea Richards Family Farm, Starla L Richards and Larry L Richards.  Id.

---

ACH Debt Payment.'  These payments were made monthly from February 2017 to January 2018.  It is believed these payments continued in some capacity after January 2018, but the extent of which is unknown at this time."  Id.  Rabo filed this Complaint after the Court entered its December 31, 2018, Order granting Rabo's Motion for Civil Contempt and Sanctions and ordering Debtor to deliver machinery and equipment to Rabo, including the MX 285 tractor.  Docs. 527, 528.

[5] Kip and Andrea Richards claim that the members of Debtor transferred machinery and equipment back to Kip Richards on July 15, 2012.  See Doc. 637.  Despite this purported transfer, Debtor paid insurance premiums to secure coverage on the equipment.  See Doc. 531, ¶ 72.  Debtor also provided a list of equipment in the annual balance sheet it submitted to Rabo dated December 31, 2012, that included the MX 285 tractor and other equipment and machinery that Kip and Andrea Richards now claim to own. Doc. 661.  Also contrary to their claim that Kip Richards reacquired the machinery and equipment in July 2012, Kip Richards represented that Debtor owned this property in numerous documents filed with this Court.  Id.  These representations served as the basis for the Court's ruling that Kip and Andrea Richards were estopped from claiming an ownership interest in the machinery and equipment, including the MX 285 tractor.  Id.

[6] Kip and Andrea Richards do not concede that Farm Bureau's decision to include Rabo on the $40,000 check it issued as a result of the Richards' claim for the MX 285 tractor loss was correct or appropriate.

8

Rabo demanded that Kip and Andrea Richards turnover the insurance proceeds. Doc. 685 at 5. Upon receipt of the demand, Kip and Andrea Richards initiated a declaratory relief action in state court. Rabo sought to reopen this bankruptcy case and filed a motion to compel turnover of the insurance proceeds. The Court granted the Motion to Reopen and advised the parties that it would hear Rabo's Motion to Compel. Docs. 691, 692.

## II.   LEGAL ANALYSIS

In their Resistance to the Motion to Reopen this case, Kip and Andrea Richards argued that there is "no order of this Court to which the Richards are parties holding that the Richards are not the owners of the underlying assets related to the insurance proceeds." Doc. 686. As noted at the June 5, 2019, hearing, this Court determined, based on the undisputed evidence before it at the December 2018 hearing, that Debtor owned the property listed on the Writ of Execution (Docs. 525, 526, 587), including the MX 285 tractor. Doc. 661. Kip and Andrea Richards received notice of this hearing. Doc. 500. In conjunction with the hearing on the Motion to Amend (Doc. 577), the Court allowed Kip and Andrea Richards to challenge Debtor's ownership interest. The Court ultimately ruled that they were estopped from doing so. Doc. 661. Consequently, pursuant to the law of this case, Debtor owns the machinery and equipment listed on the Amended List of Machinery and Equipment to be Sold and/or Turned over to Rabo AgriFinance LLC (Doc. 663), including the stolen MX 285 tractor.

While declining to acknowledge the resolution of the ownership issue, Kip and Andrea Richards argue that ownership of the MX 285 tractor is "not the issue as to the insurance proceeds, but rather an insurable interest." Doc. 686 at 1. The Richards

9

maintain that Rabo is not an insured or loss payee under the policy insuring the MX 285 tractor and it does not hold an insurable interest in the insurance proceeds. Conversely, Kip and Andrea Richards claim they hold an insurable interest in the insurance proceeds.[7] Id.

Under Nebraska law, "[w]hen the name of the party intended to be insured is specified in a policy, such insurance can be applied only to his own proper interest." Neb. Rev. St. § 44-375. Section 44-103 of the Nebraska Revised Statutes defines insurable interest as "every interest in property or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured." Neb. Rev. St. § 44-103(13). Nebraska courts further clarified that "to have an

---

[7] Although Kip and Andrea Richards raised the insurable interest issue in their brief asserting the Court should not reopen the bankruptcy case (Doc. 686), at the hearing and in their opposition to Rabo's Motion to Compel, they argued that the Court may not to rule on this issue because "only the insurer can raise the objection of want of an insurable interest." Doc. 699 at 3 (citing Ryan v. Tickle, 316 N.W.2d 580 (Neb. 1982)). Kip and Andrea Richards raised insurable interest as a defense to Rabo's motion to reopen the bankruptcy case and its Motion to Compel Turnover of insurance proceeds. Nebraska courts do not preclude courts from considering the question of insurable interest if this issue is raised as a defense to a claim related to insurance proceeds. See Johnson v. Nelson, 861 N.W.2d 705, 713 (Neb. 2015) (opining that "we do not read [Ryan] as precluding the assertion of the estate's defense that the buyout agreement is unenforceable because its funding mechanism is an insurance policy on the life of one whom the owner and beneficiary of the policy had no insurable interest.").

Kip and Andrea Richards also argued that the Court may not consider insurable interest raised as a defense after the insurance company issued policy proceeds to the insured. They provide no support for this argument, and the opinion in Johnson v. Nelson suggests this argument is not persuasive. Id. at 709-13. In Johnson v. Nelson, the insurance company paid the policy proceeds to Johnson, who made a claim against Nelson, the personal representative of Minnick's estate. Id. at 709. The estate raised insurable interest as a defense to this claim, which the Nebraska Supreme Court considered. Id. at 709-13. The fact that the proceeds had already been issued to Johnson did not preclude the court from considering this defense. Id.

At the hearing, both parties eventually agreed that the Court should consider the insurable interest question.

10

insurable interest, the claimant must have some legally enforceable right that would be recognized and enforced in the property at issue." Sayah v. Metro. Prop. & Cas. Ins. Co., 733 N.W.2d 192, 196 (Neb. 2007) (footnote and citations omitted). Paying the insurance premiums and using the property insured, without a legally enforceable interest, does not give automatic rise to an insurable interest. See id.

Kip and Andrea Richards argue that they hold an insurable interest in the MX 285 tractor because Kip Richards purchased and financed the tractor, the Richards paid the insurance premiums and the Richards are listed as insureds under the policy. From the date Debtor petitioned for bankruptcy relief in January 2015 until the date the Court confirmed Debtor's plan of reorganization, Kip Richards—in his capacity as manager of Debtor—represented that Debtor owned the machinery and equipment listed on operating reports, bankruptcy schedules and statements and tax returns, including the MX 285 tractor. See Doc. 661. Since confirmation of the Chapter 11 plan [Doc. 315] and the stipulation between Debtor and Rabo calling for the liquidation of machinery and equipment [Doc. 343] (February and July 2017), Debtor and its managers (including Kip Richards) were aware that Rabo demanded Debtor liquidate equipment and machinery. By November 2018, Kip and Andrea Richards had notice of the Motion to Compel Debtor to Comply with Confirmed Plan [Doc. 423] and Proposed List of Debtor's Vehicles, Machinery and Equipment to Be Sold [Doc. 463] and that the Court intended to hold a hearing on this motion on December 12, 2018. Doc. 500. Kip and Andrea Richards failed to appear at this hearing. Doc. 523. At this hearing, the Court found that Debtor owned the machinery and equipment at issue, granted Rabo's Motion to Compel and ordered Debtor to deliver the machinery and equipment, including the

11

MX 285 tractor, to Big Iron Auction Company or turn it over to Rabo.  Doc. 527.  Kip and Andrea Richards received notice of the Court's ruling—six months in advance of the July 28, 2019, to July 28, 2020, insurance policy period.  Docs. 529, 690-1.

Despite Rabo's motions and the Court's orders (and contrary to them), Kip Richards continued to use the MX 285 tractor and other machinery and equipment owned by Debtor.  The Richards paid the insurance premiums, knowing that Rabo claimed an interest in much of the machinery and equipment insured, and they continued to pay the insurance premiums after the Court compelled Debtor to sell them or turn them over to Rabo.  Even after this Court entered an order finding Kip and Andrea Richards should be estopped from claiming an interest in the MX 285 tractor, Kip and Andrea Richards continue to claim an ownership interest in this tractor.  Using this tractor and paying the insurance premiums on it does not create or establish a legally enforceable interest in it.  See Sayah, 733 N.W.2d at 748-49.  The fact that Kip and Andrea lost the benefit of paying insurance premiums and using the tractor does not change the nature of their interest or compel a different outcome.

Debtor owns the MX 285 tractor.  It owned the tractor on the first day of the policy period and for years before this period began.  Kip and Andrea Richards are not loss payees under the insurance policy and, because they do not own "a proper interest" in or "legally enforceable right" to the tractor, they do not hold an insurable interest in the stolen MX 285 tractor.  See id.

Kip and Andrea Richards also argue that Rabo has no valid claim to Debtor's interest in insurance proceeds because the insurance policy was obtained in June 2019, years after plan confirmation.  Consequently, the Richards maintain the proceeds are

not property of the estate and not part of the obligations of the confirmed Chapter 11 plan. Doc. 699 at 3. They claim that the $40,000 insurance payment is proceeds from a contract purchased after confirmation, not proceeds from the sale or liquidation of assets under the confirmed plan. As the parties who obtained the insurance during the policy period, Kip and Andrea Richards claim they are entitled to the insurance proceeds.

The Court is not persuaded by the Richards' argument. The right to the $40,000 insurance payment proceeds is not dictated by who paid the premiums for the insurance policy or the post-confirmation policy period. The outcome is determined by who was named as an insured under the policy and who held an insurable interest. The answer to both questions is Debtor. It holds the superior claim to the insurance proceeds.

Rabo concedes that it is not named as a loss payee or insured under the Farm Bureau insurance policy. Despite these facts, Rabo asserts that it has an insurable interest in the tractor arising from the Writ of Execution. Specifically, it argues that, by virtue of the Writ of Execution, it held an interest in the tractor of such a nature that "a contemplated peril might directly damnify the insured." Sayah, 733 N.W.2d at 196 (citing Neb. Rev. Stat. § 44-103(13)(a)(Reissue 2004)). The parties agree that, if the Writ was properly executed, it created a lien on the machinery and equipment, including the MX 285 tractor. A lien, without more, does not create an insurable interest entitling Rabo to be directly compensated for the loss of the tractor.[8] In other words, the Writ of

---

[8] Allied Mut. Ins. Co. v. Midplains Waste Mgmt., L.L.C., 612 N.W.2d 488, 499 (Neb. 2000) ("a lienholder generally has no claim to the benefit of fire insurance proceeds unless the lienholder is named as a loss payee or the policy has otherwise been assigned to the lienholder." (citing Calvert Fire Ins. Co. v. Environs Dev. Corp., 601 F.2d 851 (5th Cir.1979)); Allstate Ins. Co. v. Miller, 212 P.3d 318, 330 (Nev. 2009) ("an insurer is not required to resolve lienholder claims unless the insurance policy

13

Execution did not grant Rabo the right to make a direct claim for insurance proceeds or require Farm Bureau to issue the check for insurance proceeds directly to Rabo. Rather, Rabo's rights under the Writ of Execution are derived from Debtor's interest in the insurance proceeds. Likewise, the harm it suffers as a result of the stolen tractor arises from Debtor's failure to pay its debt to Rabo and its failure to liquate or turn over the tractor so Rabo could sell it and apply the proceeds to Debtor's debt. Rabo does not hold an insurable interest in the MX 285 tractor. Even if Rabo satisfies the criteria for insurable interest under Nebraska law, its interest is subordinate to and dependent on Debtor's interest.

Debtor owned the MX 285 tractor at the time it was stolen, and Debtor is named as an insured under the insurance contract. It holds an insurable interest in the tractor superior to other named insureds.

Under the terms of the confirmed plan and addendum, Rabo is entitled to proceeds from the sale or liquidation of Debtor's assets. Neither the plan nor the addendum addresses insurance benefits. Rabo asserts that it is "the ultimate party to receive all proceeds from the Debtor's liquidation and the insurance proceeds should be no different." Doc. 698 at 7-8. While acknowledging that Debtor has an insurable interest, Rabo maintains it should receive the proceeds as a matter of equity. It asserts: "The Debtor, as a named insured on the policy and rightful owner of the tractor, has an insurable interest. However, through the confirmed Plan, which ordered all equipment to be sold, and the Debtor's willful non-compliance with the Plan, allowing

---

names the lienholder as a loss payee, the claimant is the insured, or the insured assigns the policy to the lienholder." (citing Midplains Waste Management, 612 N.W.2d at 499.)).

14

the Debtor to keep the insurance proceeds would create an unjust result." Id. at 8.

Conversely, Kip and Andrea Richards suggest that equity favors them. They assert that they thought they owned the MX 285 tractor and paid the premiums to insure it when Debtor refused. They argue that, if Rabo was worried about loss, it should have insured the equipment or allowed Debtor to do so.

The Court declines to search for an equitable remedy for Kip and Andrea Richards, who used the MX 285 tractor despite Court orders to turn it over and who were on notice of Court findings that Debtor owned the MX 285 tractor when they paid the insurance premiums. On the other hand, the Court finds that the equities of this case favor Rabo. In the confirmed plan, the parties contemplated sale or liquidation of assets including the MX 285 tractor. Although the confirmed plan did not specifically require Debtor to turnover insurance proceeds, the Court finds that Debtor's repeated refusal to comply with the terms of the plan and Court orders to turn over the MX 285 tractor and other machinery and equipment warrants an equitable remedy in favor of Rabo. To avoid further delay or risk of noncompliance, the Court orders Kip and Andrea Richards and Debtor to endorse the Farm Bureau check and deliver it to Rabo.

### III. CONCLUSION

The Court has considered all other arguments and deems them without merit or unnecessary to address. For the reasons stated above, **IT IS ORDERED** that Rabo's Motion to Compel Turnover of the $40,000 insurance proceeds is granted. Kip and Andrea Richards and Debtor are ordered to endorse the Farm Bureau check and deliver it to Rabo.

Dated: November 5, 2020.

15

*Shon Hastings*

_____
Shon Hastings, Judge
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA
Sitting by Designation